UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY, | Case No. 1:22-cv-00031-HBK |
| Petitioner, | ORDER DENYING PETITIONER'S CONSTRUED MOTON FOR CLERK'S DEFAULT |
| v. | |
| B.M. TRATE, | (Doc. No. 15) |
| Respondent. | ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY STATUS CONFERENCE |
| | (Doc. No. 16) |

Pending before the Court are Petitioner's request for judgment and motion for emergency status conference. (Doc. Nos. 15, 16). Petitioner, who is *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). In his request for judgment, Petitioner asks that a judgment be entered in his favor because he did not receive a response to his petition by the Court's deadline of March 8, 2022, and therefore contends that Respondent's "silence is an unopposed concession or admittance to [P]etitioner's habeas corpus claims." (Doc. No. 15). The Court thus construes the motion as seeking a clerk's default, or a default judgment due to Respondent's alleged lack of response. In his motion for an emergency hearing, Petitioner again states that he has not received any filings by Respondent, and therefore requests an emergency status conference and immediate release from custody. (Doc. No. 16).

Default judgments are disfavored in habeas corpus cases and a petitioner is not entitled to a default judgment merely because a respondent may have failed to file an answer or other response. *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.1990) (stating "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). Further, contrary to Petitioner's contention, a review of the docket reveals that Respondent timely filed a motion to dismiss on March 8, 2022. (Doc. No. 12). Moreover, the certificate of service in Respondent's motion indicates Respondent mailed Petitioner a copy of the motion to dismiss at his address of record. Thus, Petitioner's motion based on Respondent's alleged lack of response to the petition are without factual basis.

Nonetheless, in an abundance of caution, the Court directs Respondent to provide a duplicate copy of the motion to dismiss to Petitioner, or in the alternative, contact prison officials to verify from the prison mail log that Petitioner received a copy of the response, and the date the response was received, and file a notice with supporting exhibits with the Court. Finally, as to his request for an "emergency hearing," the Court will review the briefing when completed and make findings and recommendations in due course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

Accordingly, it is **ORDERED**:

1. Petitioner's construed motion for clerk's default (Doc. No. 15) is DENIED.
2. Petitioner's motion for an emergency status conference (Doc. No. 16) is DENIED.
3. **Within fourteen days** of this Order, Respondent shall provide Petitioner a duplicate copy of the March 8, 2022 motion to dismiss, or provide the Court notice that Petitioner received a copy of the response. **Plaintiff's opposition to the motion to dismiss must be filed within twenty-one days of receipt of the reserved motion to dismiss or notice.**

Dated:    April 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3