UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY, | Case No. 1:22-cv-00031-HBK (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STATUS CONFERENCE |
| v. | (Doc. No. 5) |
| B.M. TRATE, | ORDER FINDING PETITIONER'S MOTION TO VACATE CONSTRUED MOTION FOR CLERK'S DEFAULT MOOT |
| Respondent. | (Doc. No. 19) |
| | ORDER DENYING PETITIONER'S MOTION TO COMPEL |
| | (Doc. No. 21) |

Pending before the Court are Petitioner's request for status conference, motion to vacate an erroneously mischaracterized motion for clerk's default, and motion to compel discovery. (Doc. Nos. 5, 19, 21). Petitioner, who is *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1).

On March 24, 2022, Petitioner filed a "request for judgment in Petitioner's favor as a matter of law." (Doc. No. 15). On April 13, 2022, the Court construed Petitioner's request as a motion for a clerk's default, and denied the motion. (Doc. No. 17). Petitioner asks the Court to vacate his motion because the Court "mischaracterized" the motion as a motion for clerk's default

because he is "in good faith, seeking habeas release not by default judgment or clerk's default, but by law. And [sic] constitution." (Doc. No. 19 at 3).  Because the Court denied Petitioner's construed motion for a clerk's default, Petitioner's motion to vacate his construed motion is denied as moot.  The Court does not attribute any bad faith to Petitioner for filing the motion.

Petitioner additionally renews his contention that Respondent has failed to provide him "with fair notice of [sic] it's reason for dismissal request" because he had not received any filings by Respondent. (*Id*.).  As indicated herein, Respondent is directed to file a notice with the Court, with supporting exhibits, of either (1) re-service of the motion to dismiss or (2) verification from the prison mail log that Petitioner received a copy of the response, and the date the response was received.

Petitioner also filed a motion for status conference, and a motion to compel discovery, including the forensic lab report, his indictment, trial transcripts including jury instructions, sentencing documents, depositions, and prison medical records.  (Doc. Nos. 5, 21).  Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 cases,[1] it is granted only at the Court's discretion, and upon a showing of good cause.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)("Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery."); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997).  Respondent's motion to dismiss for lack of jurisdiction is currently pending before the Court; thus, Petitioner's motion to compel will be denied without prejudice as premature.  (Doc. Nos. 12).  In the event Respondent is ordered to respond to the petition, Petitioner may renew his motion upon a showing of good cause once the matter is fully briefed.  Similarly, if the Court determines that a status conference is warranted after reviewing the completed briefing, it will schedule one at that time.  *See* Rules Governing Section 2254 Cases, R. 8(a).

Accordingly, it is **ORDERED**:

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See* Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

1. Petitioner's motion for status conference (Doc. No. 5) is DENIED.
2. Petitioner's motion to vacate erroneously mischaracterized motion for clerk's default (Doc. No. 19) is DENIED as moot.
3. Petitioner's motion to compel discovery (Doc. No. 21) is DENIED.
4. **Within fourteen days** of this Order, Respondent shall file with the Court either (1) notice of re-service of the March 8, 2022 motion to dismiss, or (2) notice verifying the date that Petitioner received a copy of the response as supported by the prison mail log or other evidence of delivery. **Plaintiff's opposition to the motion to dismiss must be filed within twenty-one (21) days of receipt of the re-served motion to dismiss or notice verifying earlier service.**

Dated:   May 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE