UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD L. MCCOY,

                Petitioner,

    v.

B.M. TRATE,

                Respondent.

Case No.   1:22-cv-00031-HBK (HC)

ORDER DIRECTING SUPPLEMENTAL BRIEFING

      Petitioner Reginald L. McCoy ("Petitioner") is a federal prisoner proceeding *pro se* on his petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. No. 1, "Petition").  In response, Respondent filed a Motion to Dismiss.  (Doc. No. 12).

      The Petition challenges Petitioner's mandatory sentence of concurrent terms of life imprisonment, followed by concurrent 120-month terms of supervised release, for his conviction, after jury trial, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and substantive possession with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1) (Count 2) entered by the U.S. District Court for the Middle District of Florida.  (Doc. No. 1).  The Petition appears to raise two grounds for relief: (1) pursuant to the Supreme Court

decision in *Alleyne v. United States*, 570 U.S. 99 (2013), Petitioner is actually innocent of the statutory mandatory minimum sentence of life imprisonment because his "agreement" with others to conspire with intent to distribute the specific quantity of 2,848.5 grams of crack cocaine was not determined by the jury beyond a reasonable doubt; and (2) pursuant to the Fair Sentencing Act of 2010, made retroactive by the First Step Act, Petitioner is "actually innocent of the increased sentence that was imposed" because the drug quantity determination was not proven beyond a reasonable doubt.  (Doc. No. 1 at 6-8, 17).  Respondent, in its Motion to Dismiss, argues the Court lacks jurisdiction to review the § 2241 petition and the "escape hatch" of 28 U.S.C. § 2255 does not apply.  (*See generally* Doc. No. 12).

Upon further review of the Petition, Petitioner includes a section entitled "supplemental clarification argument of prior felony drug convictions no longer valid for mandatory enhanced sentence under § 841(b)(1)(A)/§ 851(a)(1) of Footnote 4 of [his petition for] habeas corpus under § 2255 escape hatch § 2241."  (Doc. No. 1 at 20-25).  Liberally construed, Petitioner appears to argue that pursuant to *Mathis v. United States*, 579 U.S. 500 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013), he is actually innocent of his sentence of mandatory life imprisonment because his predicate Florida felony drug convictions for "possession of cocaine" and "sale of cocaine" are not qualifying predicates under 21 U.S.C. § 841(b)(1)(A).  (*Id.* at 18-25)

Respondent's motion to dismiss does not address this ground for relief; and based on the record before it, the Court is unable to ascertain the nature of the predicate crimes identified by Petitioner in support of this this additional claim.  Further, Respondent has failed to brief whether the Court may retain jurisdiction to review Petitioner's claim based on *Mathis* and *Descamps* under the escape hatch of § 2255.[1]

---

[1] The Court notes that this district has recently denied several motions to dismiss for lack of jurisdiction of a § 2241 petition wherein a petitioner argues that his prior drug convictions are not qualifying predicate offenses under 21 U.S.C. s 841(b)(1)(A) for a sentence of life imprisonment pursuant to *Mathis* and *Descamps*.  *See Lii v. Ciolli*, 1:20-cv-00786-AWI-EPG-HC, 2021 WL 1251879 (E.D. Cal. April 5, 2021); *Capps v. Ciolli*, 1:20-cv-00766-AWI-SAB-HC, 2021 WL 3401287 (E.D. Cal. Aug. 4, 2021); see also *Gonzalez v. Ciolli*, 1:20cv-00724-DAD-SKO (HC), 2021 WL 1016387 (E.D. Cal. Mar. 17, 2021) (order declining to adopt magistrate's recommendation to summarily dismiss a § 2241 petition for lack of jurisdiction where petitioner argued he was actually innocent with respect to his statutory mandatory minimum sentence of life imprisonment because his two prior convictions do not qualify as felony drug offenses.).

1    Accordingly, it is ORDERED:

2    1.   Within **thirty (30) days** from the date of this Order, Respondent shall submit a

3         supplemental briefing to addresses the "supplemental" ground for relief raised in the

4         Petition, with particular attention to Petitioner's argument that he is actually innocent

5         of the statutory mandatory minimum imposed because his predicate convictions were

6         not convictions for a felony drug offense under 21 U.S.C. § 841(b)(1)(A); and, if

7         warranted, the overall merits of Petitioner's supplemented claim if Respondent

8         concedes that this Court has jurisdiction to review this ground for relief under the

9         "escape hatch" of 28 USC § 2255.

10   2.   Petitioner may, but is not required to, file a response to Respondent's supplemental

11        brief within ten (10) days after receipt of Respondent's supplemental brief.

12

13   Dated:    June 7, 2022

14                                                    HELENA M. BARCH-KUCHTA
15                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

3