UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY,<br><br>          Petitioner,<br><br>     v.<br><br>B.M. TRATE,<br><br>          Respondent. | Case No. 1:22-cv-00031-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER[1]<br><br>(Doc. No. 7) |

Petitioner Reginald L. McCoy ("Petitioner"), a federal prisoner, is proceeding pro se, on his petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). Separately, Petitioner filed a Motion for "Temporary Restraining Order and Injunctive Relief." (Doc. No. 7). Respondent filed a Motion to Dismiss the Petition (Doc. No. 12) and incorporated within the Motion opposition to Petitioner's request for a temporary restraining order. (*Id*. at 4-5). For the reasons set forth below, the Court denies Petitioner's Motion for a Temporary Restraining Order.

**I. BACKGROUND**

Petitioner, a federal prisoner, is serving concurrent terms of life imprisonment followed by

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 20).

concurrent 120-month terms of supervised release, for his conviction, after jury trial, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and substantive possession with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1) (Count 2) entered by the U.S. District Court for the Middle District of Florida ("MDFL").  *See United States v. McCoy*, 8:90-cr-00132-CEH-AAS, Crim Doc. Nos. 398, 438, 447 (M.D. Fla.); (Doc. No. 12-1 at 45, 50).  In his Petition, Petitioner is challenging the validity and constitutionality of his sentence imposed by the United States District Court for the Middle District of Florida. However, in his motion presently before the Court, Petitioner requests that the Court "grant his immediate release from custody or TRO and injunctive relief to prevent his inevitable exposure and contraction of the Covid-19 disease while in prison."  (Doc. No. 7 at 5-6).

## II.  APPLICABLE LAW AND ANALYSIS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Moreover, "[b]ecause it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements].'"  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

Here, Petitioner seeks immediate release from custody because the spread of Covid-19 at

USP Atwater presents "an immediate threat to the health and safety of Petitioner"; and it "subjects Petitioner to cruel and unusual punishment in violation of the Eighth Amendment right to be free of such punishment." (Doc. No. 7 at 2-5). Petitioner asserts he is likely to suffer irreparable harm if he is not immediately released. (*Id.*).

Respondent argues "Petitioner merely asserts a nonspecific fear about contracting Covid-19. This allegation does not implicate the fact or duration of Petitioner's confinement. In other words, success would neither result in Petitioner's release from custody nor the acceleration of his release." (Doc. No. 12 at 5 n.1). Respondent thus argues that Petitioner's "generalized claims concerning conditions of confinement during the COVID-19 pandemic" are not proper for in a § 2241 action but should "arguably be raised in a civil rights action." (*Id*. at 5). The Court agrees.

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, a civil rights action under § 1983 is the proper method for a prisoner to challenge the conditions of confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499.

There is some disagreement within the Ninth Circuit as to whether claims that Covid-19 creates unconstitutional conditions of confinement are cognizable in habeas. *Ballard v. Trate*, 2022 WL 1506265, at *2 (E. D. Cal. May 12, 2022)(collecting cases). Nonetheless, to date, the Supreme Court, while not foreclosing habeas relief for conditions of confinement claims, has refused to recognize it as a proper vehicle to obtain such relief. *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979) ("we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court "agrees with the weight of authority in this Circuit and finds more persuasive the district court cases concluding that habeas jurisdiction is not available for

prisoner COVID-19 conditions of confinement cases." *Ballard*, 2022 WL 1506265 at *2.

Based on the foregoing, Petitioner's request for release based on fear of contracting Covid-19 at USP Atwater is not cognizable in federal habeas corpus petition. Because Petitioner has not shown that he is likely to succeed on the merits of his claim, the Court need not analyze the remaining *Winter* elements. *See Garcia*, 786 F.3d at 740.

Accordingly, it is **ORDERED**:

Petitioner's motion for temporary restraining order and injunctive relief (Doc. No. 7) is **DENIED**.

Dated:    June 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4