UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | Case No.　1:22-cv-00031-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 29) |

　　　　Before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 29). Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed a Motion to Dismiss, and Petitioner filed a response. (Doc. Nos. 12, 26). On June 8, 2022, the Court directed Respondent to submit supplemental briefing as to a ground for relief raised in the Petition. (Doc. No. 27). Petitioner argues that appointment of counsel is necessary in order to "properly present his claims" in his reply to Respondent's supplemental briefing. (Doc. No. 29).

　　　　There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to

appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary. Petitioner was able to file his habeas petition and his response to the Motion to Dismiss without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex. Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations. Petitioner may, but is not required to, file a response to Respondent's supplemental brief within ten (10) days after receipt of Respondent's supplemental brief.

Accordingly, it is **ORDERED**:

Petitioner's motion for appointment of counsel (Doc. No. 29) is **DENIED**.

Dated:   June 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2