1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REGINALD L. MCCOY,                     Case No.  1:22-cv-00031-HBK (HC)

12                 Petitioner,              ORDER GRANTING STAY[1]

13          v.                              (Doc. No. 31)

14   B.M. TRATE,

15                 Respondent.

16

17

18          Petitioner Reginald L. McCoy ("Petitioner"), a federal prisoner, is proceeding *pro se*, on

19   his petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. No. 1, "Petition").  On

20   March 8, 2022, Respondent filed a Motion to Dismiss the Petition for lack of jurisdiction.  (Doc.

21   No. 12).  On June 8, 2022, the Court ordered Respondent to submit supplemental briefing to

22   address Petitioner's argument that pursuant to *Mathis v. United States*, 579 U.S. 500 (2016) and

23   *Descamps v. United States*, 570 U.S. 254 (2013), he is actually innocent of his sentence of

24   mandatory life imprisonment because his predicate Florida felony drug convictions are not

25   qualifying predicates under 21 U.S.C. § 841(b)(1)(A).  In the supplemental briefing, Respondent

26   argues that Petitioner had an "unobstructed procedural shot" to present this claim; thus, Petitioner

27

28   _____

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
§ 636(c)(1).  (Doc. No. 20).

1   "fails to satisfy the test to establish EDCA court-of-custody jurisdiction to proceed under § 2241

2   pursuant to the § 2255 escape hatch."  (Doc. No. 31 at 3).  Additionally, Respondent points out

3   that Petitioner currently has pending a § 3582 motion for compassionate release in his court of

4   conviction, the Middle District of Florida ("MDFL"), that raises this identical claim.  (*Id*. at 4

5   (noting the "MDFL court of conviction has compelled full briefing on the matter and will shortly

6   resolve the matter in accordance with Eleventh Circuit appellate jurisdiction.")); *United States v.*

7   *Williams et. al.*, 8:90-cr-00132-CEH-MRM, Crim Doc. Nos. 1208, 1210).  Because the issue of

8   whether Petitioner's Florida drug convictions qualify as predicate offenses under 21 U.S.C. §

9   841(b) is presently before both this Court and the court of conviction, Respondent alternatively

10  requests that the Court stay this matter pending a decision on the issue in the MDFL.  (Doc. No.

11  31 at 4).  Respondent submits a stay will conserve judicial and government resources, prevent

12  conflicting rules on overlapping claims and issues, and ensure against resulting collateral case

13  confusion.  (*Id*.).

14         Respondent's arguments are persuasive, and Petitioner did not oppose the motion to stay

15  in his reply to Respondent's supplemental briefing.  (*See* Doc. No. 32).  The Court finds that the

16  objective of judicial efficiency is served by staying the instant proceeding pending resolution of

17  Petitioner's 18 U.S.C. § 3582 motion for compassionate release in his court of conviction.

18         Accordingly, it is **ORDERED**:

19      1.  Respondent's motion for a stay (Doc. No. 31) is **GRANTED**  this matter is **STAYED**

20          pending resolution of Petitioner's § 3582 motion in the Middle District of Florida.

21      2.  Respondent is **DIRECTED** to submit a status report within sixty (60) days, and every

22          sixty (60) days thereafter, until resolution of the § 3582 motion in the Middle District

23          of Florida.

24

25  Dated:    August 9, 2022

26                                                    HELENA M. BARCH-KUCHTA
                                                      UNITED STATES MAGISTRATE JUDGE
27

28