UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. MCCOY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | Case No.   1:22-cv-00031-HBK (HC)<br><br>ORDER FINDING PETITIONER'S REQUEST FOR BRIEFING SCHEDULE RESPONSE MOOT<br><br>(Doc. No. 38)<br><br>ORDER DENYING PETITIONER'S MOTION TO LIFT STAY<br><br>(Doc. No. 39) |

Pending before the Court are Petitioner's request for "briefing schedule response by Respondent" and Petitioner's motion to lift the stay. (Doc. Nos. 38-39). Petitioner, who is *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1).

On August 25, 2022, Petitioner filed a "request for briefing schedule response by Respondents required by due process." (Doc. No. 38). Petitioner appears to claim that he did not receive a copy of the motion to stay, and was therefore unable to file an opposition. (*Id*.). The motion to stay was not a free-standing motion but was incorporated in Respondent's supplemental briefing on July 8, 2022. (Doc. No. 31). The Court granted the motion to stay on August 9, 2022. (Doc. No. 36). Thus, to the extent Petitioner is seeking to respond to the motion to stay, the request is denied as moot. In an abundance of caution, the Court directs Respondent to

provide Petitioner with a duplicate copy of the supplemental briefing filed on July 8, 2022.  In the alternative, Respondent may contact prison officials to verify from the prison log that Petitioner received a copy of the supplemental briefing, and the date the response was received, and may file a notice with supporting exhibits with the Court.  Notably, Petitioner filed a "Reply to Respondent's Supplemental Briefing or Non-Responsive Pleading" on July 13, 2022.  (Doc. No. 32).  Further, and somewhat suspect, this is the second time Petitioner claims not to have received a pleading filed by Respondent.  (*See* Doc. Nos. 22, 25).

On October 5, 2022, Petitioner filed a motion to lift the stay.  (Doc. No. 39).  On August 9, 2022, the Court granted Respondent's motion to stay this matter pending the decision on a § 3582 motion for compassionate release filed in his court of conviction, the Middle District of Florida ("MDFL"), because it raises an identical claim to one of the grounds for relief in the Petition currently pending before this Court.  (Doc. No. 36).  Petitioner argues that due to extensive damage in the Middle District of Florida after hurricane Ian, this Court should lift the stay and "assume jurisdiction over this habeas corpus" in order to "ensure the expedited administration of justice and fairness."  (Doc. No. 39 at 3).  However, Petitioner fails to submit any evidence that court proceedings in the MDFL will be interrupted for such a lengthy time that a decision on his motion for compassionate release would result in a "fundamental miscarriage of justice."  (*Id.*).  Moreover, while the circumstances surrounding a possible delay in the consideration of Petitioner's motion for compassionate release in the MDFL are unforeseen and tragic, the interests of overall judicial efficiency, preventing conflicting rules on overlapping claims and issues, and ensuring against resulting collateral case confusion, weigh in favor of maintaining the stay of proceedings before this Court pending resolution of Petitioner's 18 U.S.C. § 3582 motion for compassionate release in his court of conviction.

Accordingly, it is **ORDERED**:

1. Petitioner's request for briefing schedule response by Respondent (Doc. No. 38) is DENIED as moot.
2. Petitioner's motion to lift stay (Doc. No. 39) is DENIED.

2

3. **Within fourteen days** of this Order, Respondent shall provide Petitioner a duplicate copy of the July 8, 2022 supplemental briefing that incorporated the motion to stay, or provide the Court notice evidencing that Petitioner in fact received a copy of the supplemental briefing.

Dated:   October 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE