1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REGINALD L. MCCOY,                          Case No.  1:22-cv-00031-HBK (HC)

12                        Petitioner,             ORDER DENYING PETITIONER'S MOTION
                                                  FOR A TEMPORARY RESTRAINING
13          v.                                    ORDER[1]

14    B.M. TRATE,                                  ORDER DENYING PETITIONER'S MOTION
                                                  TO COMPEL MEDICAL TREATMENT
15                        Respondent.
                                                  (Doc. Nos. 48, 49)
16

17

18          Before the Court is Petitioner Reginald L. McCoy's ("Petitioner") motion for preliminary

19    injunction and temporary restraining order (Doc. No. 48) and motion to compel officials at USP

20    Atwater to provide Petitioner with medical care (Doc.  No. 49).  Petitioner is a federal prisoner

21    who is proceeding pro se on his petition for writ of habeas corpus filed under 28 U.S.C. § 2241.

22    (Doc. No. 1, "Petition").  Respondent filed a response in opposition to Petitioner's motion for a

23    preliminary injunction and temporary restraining order.  (Doc. No. 49).  For the reasons set forth

24    below, the Court denies both motions.

25                                    **I.  BACKGROUND**

26          Petitioner, a federal prisoner, is serving concurrent terms of life imprisonment followed by

27    _____

28    [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
      § 636(c)(1).  (Doc. No. 20).

1   concurrent 120-month terms of supervised release, for his conviction, after jury trial, for

2   conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) in

3   violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and substantive possession with intent to

4   distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1) (Count

5   2) entered by the U.S. District Court for the Middle District of Florida ("MDFL"). *See United*

6   *States v. McCoy*, 8:90-cr-00132-CEH-AAS, Crim Doc. Nos. 398, 438, 447 (M.D. Fla.); (Doc. No.

7   12-1 at 45, 50).  The Petition challenges, via the escape hatch, the validity and constitutionality of

8   Petitioner's sentence imposed by the United States District Court for the Middle District of

9   Florida. (Doc. No. 1).  On August 9, 2022, the Court granted Respondent's motion to stay this

10  matter pending resolution of Petitioner's § 3582 motion for compassionate release pending in the

11  MDFL, Petitioner's court of conviction.  (Doc. No. 36).  As of the most recent status report filed

12  on December 20, 2022, the § 3582 motion remains pending in the MDFL.

13      In his motion seeking a preliminary injunction, Petitioner argues he will suffer irreparable

14  harm in the absence of preliminary relief because is he is "in lockdown in a two man cell eating

15  bread and cheese, smelling another man defication [sic] and limited in his telephone minutes to

16  his family and friends"; and he "continues to be threatened by staff to be locked in segregated

17  housing unit if he does not conform to prison rules." (Doc. No. 48 at 3).  Petitioner further

18  contends his release must be expedited because his pending action in the MDFL had to be

19  rescheduled due to Covid-19, and "any further delay of Petitioner's release can only cause his

20  undue prejudice and a continual miscarriage of justice." (*Id*. at 4).

21      In his motion seeking medical care, Petitioner complains that he is "seeing clouds in [his]

22  vision" and needs medical treatment but was told he was not o the list to see an optometrist.

23  (Doc. No. 50).  He asks the Court to "compel USP Atwater to provide medical treatment." (*Id*.).

## II.  APPLICABLE LAW AND ANALYSIS

25      Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never

26  awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A federal

27  court may issue emergency injunctive relief only if it has personal jurisdiction over the parties

28  and subject matter jurisdiction over the lawsuit.  *See Murphy Bros., Inc. v. Michetti Pipe*

2

1    *Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "A plaintiff seeking a preliminary injunction must

2    establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

3    the absence of preliminary relief, that the balance of equities tips in his favor, and that an

4    injunction is in the public interest."  *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting

5    *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just

6    possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*,

7    632 F.3d 1127, 1131 (9th Cir. 2011).  Moreover, "[b]ecause it is a threshold inquiry, when 'a

8    plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the

9    remaining three [*Winter* elements].'"  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

10   2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944

11   (9th Cir. 2013)).

12        Respondent argues Petitioner fails to establish a likelihood of success on the merits even

13   as to whether this Court has jurisdiction to proceed on his underlying § 2241 Petition.  (Doc. No.

14   49 at 3).  In addition, Respondent cites Petitioner's "recently raised and renewed claims via

15   additional filings" in his court of conviction, and his history of filing over 50 post-conviction and

16   post direct appeal motions, and related demands, with many titled "emergency."  (*Id.* at 2, 4).

17        Petitioner provides no argument that he is likely to succeed on the merits of his claim.

18   (*See generally* Doc. No. 48).  Moreover, as noted *supra*, the underlying matter is stayed pending

19   resolution of motions filed by Petitioner in the MDFL and the Court has not yet determined

20   whether it even has jurisdiction to consider the § 2241 Petition.  Because Petitioner has not shown

21   that he is likely to succeed on the merits of his claim, the Court need not analyze the remaining

22   *Winter* elements.  *See Garcia*, 786 F.3d at 740.

23        As a final matter, to the extent Petitioner is asserting claims regarding the conditions in

24   "lockdown," his ability to contact his family, and threats from prison staff, relief on these claims

25   would not necessarily lead to petitioner's "immediate or earlier release from confinement" and

26   therefore are not cognizable on habeas review.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir.

27   2016).  Similarly, to the extent that Petitioner requires specialized medical care he must comply

28   with the procedures established at USP Atwater.  To the extent Petitioner believes federal

1   officials are being deliberately indifferent to his serious medial needs, he must file a civil rights

2   complaint in a separate action. *Bivens v. Six Unknown Named Agents of Federal Bureau of*

3   *Narcotics*, 403 U.S. 388 (1971); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing suit under the

4   Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate

5   medical treatment by federal prison officials).  Petitioner may not use this habeas action to

6   complain about the conditions of his confinement or his alleged lack of medical care.

7         Accordingly, it is **ORDERED**:

8         1.  Petitioner's motion for preliminary injunction and temporary restraining order (Doc.

9            No. 48) is DENIED.

10        2.  Petitioner's motion to compel officials at USP Atwater to provide Petitioner with

11           medical care for his eyes (Doc.  No. 49) is DENIED.

12

13   Dated:    February 8, 2023

14                                    HELENA M. BARCH-KUCHTA
                                      UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4