1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REGINALD L. MCCOY,                        Case No.  1:22-cv-00031-HBK (HC)

12                    Petitioner,              ORDER GRANTING PETITIONER'S
                                               MOTION TO LIFT STAY
13           v.
                                               (Doc. No. 55)
14   B.M. TRATE,
                                               ORDER GRANTING RESPONDENT'S
15                    Respondent.              MOTION TO DISMISS [1]

16                                             (Doc. No. 12)

17                                             ORDER DENYING PETITIONER'S MOTION
                                               TO AMEND PLEADING IN RELATION
18                                             BACK AND RECONSIDERATION OF
                                               PRELIMINARY INJUNCTION AND
19                                             TEMPORARY RESTRAINING ORDER

20                                             (Doc. No. 53)

21

22           Petitioner Reginald L. McCoy ("Petitioner"), a federal prisoner, is proceeding pro se on

23   his petition for writ of habeas corpus filed under 28 U.S.C. § 2241 while incarcerated in Atwater

24   Penitentiary, located in Merced County, California and within the venue and jurisdiction of this

25   Court.  (Doc. No. 1, "Petition").  As an initial matter, the Petition raises the following grounds for

26   relief: (1) pursuant to the Supreme Court decision in *Alleyne v. United States*, 570 U.S. 99

27   _____

28   [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
     § 636(c)(1).  (Doc. No. 20).

1    (2013),[2] Petitioner is actually innocent of the statutory mandatory minimum sentence of life

2    imprisonment because his "agreement" with others to conspire with intent to distribute the

3    specific quantity of 2,848.5 grams of crack cocaine was not determined by the jury beyond a

4    reasonable doubt; and (2) pursuant to the Fair Sentencing Act of 2010, made retroactive by the

5    First Step Act,[3] Petitioner is "actually innocent of the increased sentence that was imposed"

6    because the drug quantity determination was not proven beyond a reasonable doubt.  (Doc. No. 1

7    at 6-8, 17).  On March 8, 2022, Respondent filed a Motion to Dismiss because the Court lacks

8    jurisdiction to review these grounds for relief and the "escape hatch" of 28 USC § 2255 does not

9    apply.  (*See generally* Doc. No. 12).  On May 23, 2022, Petitioner filed a response to

10   Respondent's Motion to Dismiss.  (Doc. No. 26).

11         On June 8, 2022, upon review of the Petition, the Court identified an arguable

12   "supplemental" ground for relief asserted by Petitioner, that pursuant to *Mathis v. United States*,

13   579 U.S. 500 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013) he is actually innocent

14   of his sentence of mandatory life imprisonment because his predicate Florida felony drug

15   convictions for "possession of cocaine" and "sale of cocaine" are not qualifying predicates under

16   21 U.S.C. § 841(b)(1)(A).  (Doc. No. 1 at 18-22).  The Court ordered Respondent to submit

17

18       [2] In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that any fact that

19   increased the statutory *maximum* sentence of a crime is an element of that crime to be charged in the indictment and proven to a jury

20   beyond a reasonable doubt, In *Alleyne,* the Supreme Court applied the reasoning of *Apprendi* to hold that any fact that serves to increase

21   the statutory *minimum* of a crime, thereby effectively overruling the holding in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153

22   L.Ed.2d 524 (2002).  After *Alleyne,* any fact that serves to increase *either* the statutory minimum sentence *or* a statutory

23   maximum sentence is considered an element of the crime charged and must be alleged in the indictment and be found true beyond a

24   reasonable doubt by a jury. 133 S.Ct. at 2162–2163.

25   *Lemus v. United States*, 2015 WL 5123616, at *2 (E.D. Cal. Aug. 31, 2015).

26   [3] Section 404 of the First Step Act provides: "A *court that imposed* a sentence for a covered offense may,

27   on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step of

28   2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (emphasis added).

1   supplemental briefing to address this additional ground for relief.  (Doc. No. 27).  On July 8,

2   2022, Respondent filed supplemental briefing arguing Petitioner failed to establish this Court has

3   jurisdiction under § 2241 pursuant to the § 2255 escape hatch because Petitioner had an

4   unobstructed shot to present the "supplemental" claim.  (Doc. No. 31 at 3).  In the alternative,

5   Respondent noted Petitioner had a pending § 3582 motion for compassionate release raising an

6   identical claim in his court of conviction, the Middle District of Florida ("MDFL"), and therefore

7   requested the Court stay the matter pending a decision on the issue in the MDFL.  (*Id*. at 4).  On

8   August 8, 2022, the Court granted Respondent's motion to stay pending resolution of the § 3582

9   motion in the MDFL.  (Doc. No. 36).

10           The Court subsequently denied motions to lift the stay filed by Petitioner on October 5,

11   2022 and October 11, 2022; and denied his January 6, 2023 motion for preliminary injunction and

12   temporary restraining order.  (Doc. Nos. 39, 41, 42, 44, 51).  On March 7, 2023, Petitioner filed a

13   "motion to amend pleading in relation back and reconsideration of preliminary injunction and

14   TRO" indicating that he voluntarily dismissed his § 3582 motion for compassionate release in the

15   MDFL in February 2023 and asked the Court to "grant him preliminary injunction and TRO

16   request for relief, and issue an order to immediately release him from unlawful detention."  (Doc.

17   No. 53).  On March 20, 2023, Respondent renewed the pending motion to dismiss as to the first

18   two grounds for relief, and further argued limited escape hatch jurisdiction under § 2255 does not

19   apply to the "supplemental" claim because Petitioner "concedes unobstructed opportunity for his

20   MDFL court-of-conviction to resolve the claim."  (Doc. No. 54 at 3).  In the alternative,

21   Respondent requests that the Court stay the matter pending resolution of Petitioner's pending

22   Eleventh Circuit challenge to the MDFL's denial of his Motion to Reduce his Sentence pursuant

23   to the First Step Act of 2018.  (*Id*. at 4).  On March 23, 2023, Petitioner filed a construed motion

24   to lift the stay and "reconsider [the] amended preliminary injunction and TRO."  (Doc. No. 55).

25           For the reasons set forth more fully herein, the Court grants Petitioner's motion to lift the

26   stay, grants Respondent's Motion to Dismiss, and denies Petitioner's motion to amend pleading

27   in relation to reconsideration of preliminary injunction and TRO.

28   ////

1

# I. BACKGROUND

2

### A.  Procedural History

3      Petitioner, a federal prisoner, is serving mandatory concurrent terms of life imprisonment

4  followed by concurrent 120-month terms of supervised release, for his conviction, after jury trial,

5  for conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) in

6  violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and substantive possession with intent to

7  distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1) (Count

8  2) entered by the U.S. District Court for the Middle District of Florida.  *See United States v.*

9  *Williams et al.*, 8:90-cr-00132-CEH-MRM, Crim Doc. Nos. 398, 438, 447, 992 (M.D. Fla.).[4]

10  Petitioner's sentence was enhanced under 21 U.S.C. § 851 based on two prior felony drug

11  convictions.  (Crim. Doc. No. 438, 992).

12      Petitioner's conviction and sentence was affirmed on direct appeal by the United States

13  Court of Appeals for the Eleventh Circuit on December 21, 1994, and his writ of certiorari to the

14  Supreme Court was denied thereafter.  (Crim. Doc. No. 555, 557, 992).  In 1996, Petitioner filed a

15  motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied by

16  the MDFL as untimely.  (Crim. Doc. No. 586, 992).  Subsequently, Petitioner filed an ongoing

17  series of collateral attacks on his conviction and sentence pursuant to 28 U.S.C. § 2255 in the

18  Middle District of Florida, which were repeatedly denied as successive.  (*See generally* Crim

19  Doc.; Doc. No. 12 at 2-3).  The Eleventh Circuit has repeatedly denied Petitioner's request to file

20  a second § 2255 motion; and Petitioner has been denied relief pursuant to § 2241 in the Third,

21  Fifth, and Ninth Circuits.  *See, e.g., McCoy v. Wrigley*, 2006 WL 1686414 (E.D. Cal. June 16,

22  2006); *McCoy v. Young*, 2012 WL 6680376 (W.D. La. Nov. 13, 2012); *McCoy v. Baltazar*, 2018

23  WL 5078298 (M.D. Pa Oct. 18, 2018).

24      Upon a detailed review of the MDFL docket the Court takes judicial notice that, on

25  October 31, 2018, the Eleventh Circuit Court of Appeals denied Petitioner's application for leave

26  to file a second or successive motion as "unnecessary" and "ma[d]e it clear that McCoy may file

27

28  [4] The undersigned cites to the record in Petitioner's underlying MDFL criminal case as "Crim. Doc. No.
__.".

an original § 2255 motion in the district court, which must not be treated as an unauthorized successive motion." (Crim. Doc. No. 1108 (finding the district court failed to provide *Castro* warnings when denying his original construed § 2255 motion, thus, his initial § 2255 motion "cannot be treated as his original § 2255 motion for the purposes of apply the statatuory [sic] restrictions on second or successive § 2255 motions.")).  Petitioner proceeded to file a motion to reduce his sentence pursuant to the First Step Act, along with multiple related motions supplemental filings; all of which were denied on October 29, 2021.  (*Id*. at 1125, 1127, 1130, 1132, 138, 1143, 1192).  On November 1, 2021, Petitioner filed a notice of appeal with the Eleventh Circuit, which, as noted by Respondent, remains pending.  (*Id*. at 1193).  On April 26, 2022, Petitioner filed a § 3582 motion for compassionate release, as discussed *supra*, that was voluntarily dismissed by Petitioner.  (*Id*. at 1208, 1231, 1232).

Also on April 26, 2022, Petitioner filed a motion to vacate under § 2255.  (*Id*. at 1209).  This matter was assigned a civil case number for all future filings, and a motion to dismiss is currently pending in the MDFL.  (Crim. Doc. No. 1209; *McCoy v. United States of America*, 8:22-cv-00967-CEH-MRM, Civ. Doc. Nos. 1, 8).

## II.  APPLICABLE LAW AND ANALYSIS

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).  However, in limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e).  *Id*. at 1192.  This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality

of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim."  *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  Both requirements must be met, and the burden is on the petitioner to show that that remedy is inadequate or ineffective.  *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012); *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

In determining whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)).  "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim."  *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011)).  However, "[f]or a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively."  *Garcia-Hernandez v. Lake*, 2019 WL 652863, at *3 (E.D. Cal. Feb. 15, 2019); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.").

First, as to Petitioner's escape hatch claim premised on *Alleyne*, "[t]he Ninth Circuit has squarely found that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review.  Therefore *Alleyne* is not relevant to any challenge that Petitioner might raise to his earlier sentence, and therefore, he fails to establish that he has not had an unobstructed procedural shot to present his claim."  *Garcia-Hernandez*, 2019 WL 652863 at *3 (internal citations omitted)(citing *Hughes v. United States*, 770 F.3d 814, 815 (9th Cir. 2014)).  Second, as noted by Respondent, Petitioner had an unobstructed shot to raise his claim premised on the Fair Sentencing Act.  (*See* Crim. Doc. Nos. 1099, 1107, 1160, 1192).  The MDFL applied Eleventh Circuit case law to this

6

claim and "determined Petitioner's claims failed to establish actual innocence for vacatur and time-served resentencing"; and, as noted above, Petitioner's appeal is currently pending before the Eleventh Circuit.  (Doc. No. 12 at 4; Crim. Doc. No. 1192 at 5-6 (citing United States v. Jones, 962 F.3d 1290, 1298 (11th Cir. 2020)).  Third, as to the additional claim based on *Mathis* and *Descamps*, Respondent argues that Petitioner had an unobstructed shot to present a "*Mathis-* style argument" based on the Supreme Court holding in *Taylor v. United States*, 495 U.S. 575 (1990).  (Doc. No. 31); *See Anderson v. Martinez*, 2021 WL 5167731, at *5 (C.D. Cal. Sept. 21, 2021) ("*Descamps* and *Mathis* say nothing new about the threshold question on which Petitioner's claim was resolved on appeal, which is whether his convictions under Ohio's felonious-assault and aggravated-assault statutes categorically qualified as violent-felony predicates.  That question was resolvable from precedent existing before Petitioner's appeal began.") (citing *United States v. Burris*, 912 F.3d 386, 392-93 (6th Cir. 2019) (recognizing that the categorical approach has been used since *Taylor* was decided in 1990)); *Crayton v. Arviza*, 2023 WL 121766, at *4 (E.D. Cal. Jan. 6, 2023) (Petitioner could have raised such a claim prior to *Descamps* and *Mathis* because "*Mathis* did not invent the categorical approach.").

Regardless, as noted *supra*, Petitioner filed an "original" § 2255 motion to vacate on April 26, 2022, and that motion is pending in the MDFL. (*McCoy v. United States of America*, 8:22-cv-00967-CEH-MRM).  Thus, Petitioner cannot make the necessary showing that he has not had an unobstructed procedural shot at presenting the grounds for relief raised in the Petition.  *See Swan v. United States of America*, 2021 WL 2987149 at *3 (C.D. Cal. Jul. 15, 2021) ("Petitioner cannot show that he lacked an unobstructed procedural shot at presenting his claims because all of the claims in the Petition were or could have been raised in the 2255 motion, which is still pending.").  Because Petitioner has failed to demonstrate he has not had an unobstructed shot, the Court need not address the actual innocence prong of the escape hatch analysis.  *See Anderson*, 2021 WL 5167731 at *4 ("even assuming arguendo that Petitioner has stated a cognizable claim of actual innocence under the savings clause . . ., he still must show that he did not have an unobstructed procedural shot to pursue his claim."); *Joelson v. Sultzbaugh*, 2021 WL 1263954, at *3 (S.D. Cal. Apr. 2, 2021).

The Court finds because Petitioner has failed to satisfy the escape hatch criteria of § 2255, this Court lacks jurisdiction over the § 2241 petition.  Further, because Petitioner has a § 2255 motion currently pending before the MDFL, it would be futile to transfer the Petition to the MDFL for consideration as it would be subject to dismissal as premature.

Accordingly, it is **ORDERED**:

1.  Petitioner's construed motion to lift the stay (Doc. No. 55) is GRANTED and the Clerk is directed to lift the stay.

2.  Respondent's motion to dismiss (Doc. No. 12) is GRANTED and the case is dismissed.

3.  Petitioner's motion to amend pleading in relation to reconsideration of preliminary injunction (Doc. No. 53) is DENIED because this Court does not have jurisdiction over Petitioner's claim pursuant to 28 U.S.C. § 2241.

4.  The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:    May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8